a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

POURIYE IGHANI #A078-571-126,          CIVIL DOCKET NO. 1:25-CV-01448
Petitioner                                                              SEC P

VERSUS                                                          JUDGE EDWARDS

CARIDAD CEPHAS KIMBROUGH ET    MAGISTRATE JUDGE PEREZ-MONTES
AL,
Respondents

---

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Pouriye Ighani ("Ighani").  Ighani is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana.  He challenges the legality of his continued detention.

Because there is no significant likelihood of Ighani's removal in the reasonably foreseeable future, the Petition should be GRANTED.

I.    Background

Ighani is a native of Iran who has lived in the United States for 25 years.  ECF No. 9-3 at 1.  On January 17, 2001, Ighani was admitted as a refugee pursuant to section 207 of the Immigration and Nationality Act (INA).  On June 21, 2005, Ighani was accorded lawful permanent resident status.  On February 16, 2016, following a conviction of a controlled substance offense, Ighani was ordered removed to Iran.  ECF No. 36-1 at 1.  ICE subsequently released Ighani on an order of supervision.

1

On September 20, 2021, Ighani pleaded guilty to multiple theft and simple burglary offenses.  He was sentenced to 10 years of imprisonment to run concurrently with a prior offense.  ECF No. 36-1 at 1.  On May 8, 2023, Ighani pleaded guilty to felony theft of a motor vehicle, and was sentenced to 19 years of imprisonment, with 17 years suspended, to run currently with the prior sentence.  *Id.* at 2.  Ighani alleges that he completed a 10-month intensive drug addiction program in 2021 and participated in a re-entry program in Lafayette, Louisiana.  He was released from custody in September 2023, and started his own business.  ECF No. 40.

Ighani alleges that he was arrested by ICE at his business, and has been detained since June 26, 2025.  ECF Nos. 9-3 at 2; 36-1 at 2.

The Government asserts that it submitted a request for travel documents to Iran on July 11, 2025, and that "ICE continues its efforts to obtain travel documents from Iran for Petitioner."  ECF Nos. 36 at 4; 36-1 at 2.

## II.   Law and Analysis

### A.   The Court has jurisdiction to consider Ighani's challenge to detention.

The Court has jurisdiction to consider Ighani's challenge to his continued post-removal order detention.  *See Nguyen v. Noem*, No. 5:25-CV-176, 2026 WL 237282, at *6 (S.D. Tex. Jan. 28, 2026) ("Mr. Nguyen contests only his post-removal-period detention . . . rather than any aspect of his underlying removal order or the decision by DHS to execute it.  Thus, . . . the Court retains jurisdiction to review his detention."); *Kokoreva v. Unknown Party*, No. 3:25-CV-1700, 2025 WL 2981626, at *2 (N.D. Tex. Oct. 7, 2025) ("[T]he Court retains jurisdiction to review a noncitizen's

detention insofar as that detention presents constitutional issues, such as those raised in a habeas petition.") (quotation omitted), *report and recommendation adopted*, 2025 WL 2980642 (N.D. Tex. Oct. 22, 2025); *Yousef v. Warden Richwood Corr. Ctr.*, No. 25-CV-1947, 2025 WL 3784489, at *2 (W.D. La. Dec. 10, 2025), *report and recommendation adopted*, 2026 WL 19378 (W.D. La. Jan. 2, 2026).

**B.    There is no significant likelihood of Ighani's removal in the reasonably foreseeable future.**

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must

either rebut that showing with evidence or release the alien.  *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Ighani's removal order became final in 2016, and he has been detained since June 26, 2025, the presumption of reasonableness of his detention no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Ighani provides good reason to believe that there is no significant likelihood of his removal in the foreseeable future.  Iran declined to consider the request for travel documents because Ighani does not have an Iranian birth certificate or passport. ECF No. 9-2 at 1.  Ighani completed a certificate of identity, at ICE's request.  *Id.*; ECF No. 36-1 at 2.  Still, Iran has not issued a travel document.[1]  Additionally, Ighani asserts that he and his family attempted to obtain travel documents from Canada, Germany, and Dubai, without success.  ECF No. 9-3 at 4.

The burden shifts to the Government to provide evidence of a significant likelihood that Ighani will be deported in the reasonably foreseeable future.  The

---

[1] The Court takes judicial notice of the ongoing war in Iran and the resulting suspension of diplomatic relations and travel with many countries in the region. *See* Fed. R. Evid. 201(b). Neither this war nor other domestic or international events change the fundamental Constitutional prohibition on indefinite detention without a significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. To the contrary, foreseeability turns upon—and thus demands inquiry into—some of the very issues affected and disrupted by war and similar events, including the actual, current conditions in proposed removal countries and the status of our diplomatic relations with such countries. *See Tran v. Mukasey*, 515 F.3d 478, 482–84 (5th Cir. 2008) (granting habeas relief where lack of repatriation agreement prevented removal). The Government thus cannot foreseeably execute removal orders to any such country, particularly given the ongoing and uncertain scope and course of the war in and around Iran.

Declaration states that Iran would not issue a travel document as of July 21, 2025. ECF No. 36-1 at 2. Although a Certificate of Identity was submitted in August, there is no evidence indicating that Iran will consider that sufficient to issue a travel document in the reasonably foreseeable future, especially considering the ongoing war.

On this record, Ighani has plainly provided good reason to believe there is no significant likelihood of his removal in the foreseeable future, and the Government has failed to meet its burden to refute that assertion.

III.    Conclusion

Because there is no significant likelihood of Ighani's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and Ighani be RELEASED under appropriate conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 14, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE