**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **POURIYE IGHANI #A078-571-126** | **CIVIL ACTION NO. 25-1448 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **CARIDAD CEPHAS KIMBROUGH ET AL** | **MAG. JUDGE PEREZ-MONTES** |

## MEMORANDUM ORDER

Before the Court is a Motion to Grant Public Access (R. Doc. 43) filed by habeas petitioner, Pouriye Ighani ("Petitioner"). Respondents[1] oppose. *See* R. Doc. 47. Having carefully considered the parties' submissions and the applicable law, the Motion is **GRANTED**.

## BACKGROUND

Petitioner is a citizen of Iran. *See* R. Doc. 9-3 at 1. He was in Immigration and Customs Enforcement custody since June 26, 2025. *See id.* at 2. He then filed a Petition for a Writ of Habeas Corpus (R. Doc. 1) on September 29, 2025, asserting that there was no significant likelihood of his removal in the foreseeable future. *See generally id*. We agreed. *See* R. Docs. 42 and 44. Accordingly, Petitioner was released on April 30, 2026. *See* R. Doc. 46. Now he requests that "the Court … grant the public full access to [his] case." *See* R. Doc. 43 at 1. Respondents oppose, citing privacy concerns and Petitioner's failure to suggest any redactions to the record. *See* R. Doc. 47 at 1–2.

---

[1] Respondents are Caridad Cephas Kimbrough, Tae Johnson, Alejandro Mayorkas, and Melissa Harper.

## LAW AND ANALYSIS

"The public's right of access to judicial records is a fundamental element of the rule of law." *Leopold v. United States*, 964 F.3d 1121, 1123 (D.C. Cir. 2020). That is why the "presumption is that judicial records should not be sealed." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). And the Fifth Circuit has reminded district courts to be "ungenerous," *id.* at 418, with the "heavily disfavor[ed]" act of shielding judicial records from the public eye. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512 (5th Cir. 2022).

But immigration cases are slightly afield. *Kostak v. Trump*, No. 25-1093, 2026 WL 318927, at *1 (W.D. La. Jan. 5, 2026). Federal Rule of Civil Procedure 5.2(c) limits public "remote access to electronic files [in] immigration cases ... unless the court orders otherwise[.]" Rule 5.2(c) "does not clearly prohibit access to non-parties," *Patel v. Jaddou*, 92 F.4th 639, 641 (6th Cir. 2024), but it still imposes a burden on the public. *Sorto-Vasquez Kidd v. Noem*, No. 20-3512, 2025 WL 1715514, at *1 (C.D. Cal. May 7, 2025) ("While the common law presumption of access is likely inapplicable here given that the public does have access, though limited, to these documents, the Court is guided by the 'strong presumption in favor of access.'"). Again, "[t]he public has an interest … independent of the parties' interests" in the openness of judicial records. *In re Gee*, No. 19-30953, 2019 WL 13067384, at *8 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring) (emphasis omitted). And "[t]he rationale for public access is even greater where, as here, the case involves matters of particularly public interest." *June Med. Servs.*, 22 F.4th at 520. Further, "the numerosity of habeas proceedings

arising from immigration detention in the United States decreases the risk of undue attention on any one case, including Petitioner's." *See Saremishahab v. Castro*, No. 25-756, 2025 WL 3642073, at *2 (D.N.M. Dec. 16, 2025).

"[T]he sensitive information in this case [such as operational details or the identities of federal law enforcement personnel] can be protected even without Rule 5.2(c)" through redaction. *Sorto-Vasquez Kidd*, 2025 WL 1715514, at *2. Accordingly, the restriction on remote public access should be lifted once adequate redaction is performed. *See id.*; *see also Kostak*, 2026 WL 318927, at *1. Thus, the Court will allow thirty (30) days for Respondents to file any proposed redactions, or requests to maintain certain documents under seal, justified on a "document-by-document, line-by-line" basis, which the Court will then "scrupulously examine" prior to redesignation of the docket. *See June Med. Servs.*, 22 F.4th at 521. In favoring the presumption of public access, "the Court expects the number [of redactions or sealed documents] to be exceedingly small." *Sorto-Vasquez Kidd*, 2025 WL 1715514, at *2.

## CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** that Petitioner's Motion to Grant Public Access (R. Doc. 43) is **GRANTED**. Respondents shall file any proposed redactions, or requests to maintain certain documents under seal, within thirty (30) days.

**THUS DONE AND SIGNED** in Chambers this 16th day of September, 2026.

**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**